IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM 1842.

## Church *against* The College.

In a *scire facias* upon a mechanic's lien against the owner and contractor, the latter may be made a competent witness by a release from his sureties and the owner from all personal liability for the sum claimed by the plaintiff.

If, in such case, the sureties of the contractor be making the defence for their own protection, and they procure the release from the owner to the contractor, and use it to make him a competent witness, it is tantamount to a release by themselves; and the witness is thereby made competent, without a direct release by the sureties.

ERROR to the Common Pleas of *Cumberland* county.

Robert R. Church against The Trustees of Dickinson College, owners, and Henry Myers, contractor. This was a *scire facias* upon a mechanic's claim, filed as a lien against the Grammar School building belonging to Dickinson College.

The sureties were making the defence, and they produced in evidence a resolution of the board of trustees, authorizing Wm. B. Biddle, Charles M'Clure and Frederick Watts, Esqs., as a committee to release Henry Myers, the contractor, from all liability whatever on account of his contract; "Provided that Christian Humerich and Jacob Sener, the sureties, consent thereto and agree that the same shall in nowise interfere with their liability to the college for the said Myers." Attached to this resolution

was the written assent of Humerich and Sener, in pursuance of the provision; and then followed the release by the committee of the board of trustees.

The defendants then offered Henry Myers as a witness. The plaintiff objected to his competency, on the ground that he still remained liable to his sureties, in the event of a recovery by the college against them. The court overruled the objection, and sealed a bill of exception.

*Gallaher* and *Reed*, for plaintiffs in error, argued that the liability of the witness was to either the college or his sureties as one or the other might be compelled to pay the money to the plaintiff, and he could not be made competent without a release from both. Here the release was by the college alone, and the assent to it by the sureties contained no expression of intention on their part to release the principal from ultimate liability to them. It was also contended, that inasmuch as Myers was a party to the action, he could not be examined as a witness. 1 *Watts & Serg.* 465; 17 *Serg. & Rawle* 354.

*Biddle* and *Watts*, for defendant in error, answered, that the former report of this case established the principle that the contractor was not interested by the mere fact of his having been made a party to the action; and the only question, therefore, which remained, was, whether by the release given in evidence, the witness was not released from all liability as well to his sureties as to the college. The sureties were making the defence; they procured the release; they assented to it; they used it, and the testimony of the witness made competent by it; they are, therefore, for ever estopped from insisting upon any liability of Myers to them. His liability to either is entirely discharged, and thereby his competency is clearly restored.

The opinion of the Court was delivered by

GIBSON, C. J.—We must not shut our eyes to the fact that Humerich and Sener are the persons who stand affected by the action; for having no recourse upon the contract to any one else, it is on them the burthen of a recovery must fall. Myers would be liable to refund to them, but as a principal debtor, and not as a guarantor; and had he been of sufficient ability to answer for himself, it is to be presumed that he would not have been released. The College was a nominal party; for it took care to provide that its release of Myers should not stand in the way of its recourse to Humerich and Sener, his sureties; and to this they expressly assented. By whom then was Myers produced as a witness? Undoubtedly by those who were the actual, though not the ostensible defendants. It is shown, by the expression of their assent, that they took an active if not an exclusive part in the manage-

[Church v. The College.]

ment of the defence; and being party to the action as well as to the release, they produced him as *omni exceptione major*. After that, it would be a fraud on the law were they allowed to insist on his original responsibility, which, as subsequently existing, would be inconsistent with his competency as a witness. Whatever is asserted by a party in the trial of an action in a Court of Record, may be asserted against him in a subsequent trial as an admission of the fact. In *M'Clay* v. *Work* (10 *Serg. & Rawle* 195), a letter which had been received in evidence during a former trial at the instance of the opposite party, was admitted as *primâ facie* evidence of the matters contained in it; but there are cases in which an implied admission has been deemed an estoppel by matter *in pais*, as by the acceptance of an estate, or of rent, or by entry, livery, or the like. It has been said that estoppels are not to be favoured. Certainly-they are not, where the act from which they spring has been done under a misapprehension of its nature; but where the party has acted with his eyes open, nothing can be more politic or conscionable than to hold him to the consequences of it, though it should make the release even of a stranger, the release of him who offered the witness on the foot of it. But the sureties here became actual parties to the release; and their assent to it amounted to an agreement to do whatever should be necessary to make Myers a witness; and they consequently agreed to relinquish his responsibility to themselves. Having implicitly entered into this agreement, they are bound by it; for to get the benefit of his testimony as a witness apparently disinterested, and to reserve his contingent liability, would be a deceit. In that aspect the agreement would be a fraudulent one; but a fraudulent contract, though void as to strangers, is binding between the parties to it. The instant that the witness was offered, therefore, his interest was at an end, and he stood indifferent betwixt the parties.

Judgment affirmed.